# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF BERKSHIRE, SEPTEMBER TERM 1836, AT LENOX.

#### PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE, } Justices.
Hon. MARCUS MORTON,

---

## John Haywood Petitioner, &c. *versus* John Main et al.

Under *St.* 1833, *c.* 50, § 2, a petition for a new trial presented by a citizen of another State, after that statute went into operation, must be indorsed by some responsible citizen of this Commonwealth, although the action was tried before the passage of that statute, and the 6th section thereof provides, that it "shall not affect any rights and liabilities" exist ag under the provisions of law ; and this Court is not authorized to grant the petitioner leave to furnish an indorser after such petition shall have been entered, for the statute being peremptory that it shall be indorsed, the provision in Revised Stat. *c.* 90, § 10, that this Court may in all cases require an indorser, does not apply.

At the October term of the Court of Common Pleas in 1832, this action was tried, and a verdict was rendered against the petitioner. At the May term of this Court in 1833, he presented a petition for a new trial. Notice of the petition was not served until 1835, and at May term 1836, the respondent moved, that the petition be dismissed, because the peti-

ioner resided in the State of New York, and the petition was not indorsed, in conformity with *St.* 1833, *c.* 50, § 2, (which statute went into operation before the May term 1833,) by some responsible person who was an inhabitant of this Commonwealth. This motion was sustained by *Wilde* J. The petitioner thereupon excepted ; and also moved for leave to furnish an indorser, which motion was overruled.

<span style="float:right">Haywood<br>*v.*<br>Main.</span>

*Bishop* and *Whiting*, for the petitioner.

*Hall* and *Sumner*, for the respondent.

*Sept. 20th.*

SHAW C. J. delivered the opinion of the Court. The statute of 1833 is peremptory, requiring an indorser when the petitioner is not an inhabitant of this Commonwealth. The proviso in the 6th section, saving cases where rights and liabilities were established, applies not to cases where a right to file a petition existed, but rights and liabilities arising under writs and petitions pending when the act went into operation in May, 1833. This petition being filed after that time, it fell within the rule and was not saved by the proviso, and therefore the petition cannot be sustained.

*Sept. 23d.*

The provision, Revised Stat. *c.* 90, § 10, authorizing the Court in all cases to require an indorser does not apply, because, in the case of a petitioner from out of the State, the statute is imperative.

The Court are all of opinion, that the order to dismiss the petition for want of an indorsement, was right and must be affirmed.